| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>Acting United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | ABRAHAM FINE (CABN 292647)<br>Assistant United States Attorney |
| 5 | |
| 6 | 1301 Clay Street, Suite 340S<br>Oakland, California 94612 |
| 7 | Telephone: (510) 637-3680<br>FAX: (510) 637-3724<br>Abraham.Fine@usdoj.gov |
| 8 | |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21-MJ-71792 MAG |
| Plaintiff, | ) | STIPULATION AND PROTECTIVE ORDER |
| v. | ) | |
| TRACI AUSTIN, | ) | |
| Defendant. | ) | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with aiding and assisting in the preparation of false and fraudulent federal income tax returns, in violation of 26 U.S.C. § 7206(2). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information");

3. Sealed court filings that contain information regarding third parties that are targets or potential targets of investigation, including the following types of documents if they contain such information: sealed applications, affidavits, and orders authorizing search warrants; applications for and orders authorizing the interception of wire and electronic communications; pen register and trap and trace applications and orders, applications for and orders authorizing the provision of information pursuant to 18 U.S.C. § 2703(d); and applications for and orders authorizing investigative process pursuant to the All Writs Act ("Investigatory Materials"); and

4. Audio and/or video recordings involving confidential sources, cooperating witnesses, and/or undercover officers or agents ("CS/UC Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Personal Identifying Information, Financial Information, and/or Medical Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and

business records) may be provided to that defendant unredacted.

The Defense Team may show witnesses Personal Identifying Information, Financial Information, and/or Medical Information in the course of preparing a defense if the witness, by reason of their participation in the proceeding, would have seen or had reason to know such information.  Witnesses may only view Personal Identifying Information, Financial Information, and/or Medical Information in the presence of the Defense Team

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the Defense Team shall provide any Protected Information produced by the government to any third party (*i.e.*, any person who is not a member of the defense team), except in the manner described above with respect to witnesses or experts, or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court.  If a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending appeals counsel for the defendant shall notify the government so that the government may request Protected Information subject to this Protective Order (including any copies) be returned to the United States or destroyed.  Upon request of the United States, counsel for defendant shall return or destroy materials subject to this Protective Order (including any copies) within 14 days, unless counsel for defendant can ensure that the Protected Information will continue being kept under the conditions specified in this Order.  To the extent the Defense Team maintains possession of the Protected

Information, it agrees to do so under the conditions specified in this Order. If counsel for defendant returns documents and materials subject to this Order to the United States, the United States shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
Acting United States Attorney

Dated: December 6, 2021

___/s/_____
**ABRAHAM FINE**
Assistant United States Attorney

___/s/_____
**LEEDS DISSTON**
Counsel for Defendant TRACI AUSTIN

**IT IS SO ORDERED.**

Dated: December 6, 2021

_____
HON. DONNA M. RYU
United States Magistrate Judge